**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| KENT G. SAVAGE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | NO. CIV-25-0300-HE |
| | ) | |
| DAVID ROGERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Kent G. Savage, a state prisoner proceeding *pro se*, filed a complaint alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983 and asserting claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and the Oklahoma Religious Freedom Act ("ORFA"). The matter was referred to United States Magistrate Judge Chris Stephens for preliminary review in accordance with 28 U.S.C. § 636. On July 21, 2026, Judge Stephens issued a Report and Recommendation recommending that the court grant defendants' motion to dismiss and dismiss the complaint without prejudice. Specifically, he recommended:

- dismissing without prejudice all claims brought against defendants under § 1983 and RLUIPA in their official capacities for monetary damages and retrospective injunctive relief, as barred by the Eleventh Amendment;
- dismissing without prejudice all remaining claims brought against defendants under § 1983 and RLUIPA for failure to state a claim; and

- declining to exercise supplemental jurisdiction over the state-law claims brought against all defendants under ORFA.

Plaintiff has timely objected to the Report and Recommendation and, in accordance with 28 U.S.C. § 636(b)(1), the court has conducted a *de novo* review of the matter. In the objection, plaintiff clarifies that he is only seeking prospective declaratory and injunctive relief under § 1983 and RLUIPA against defendants in their official capacities. Consequently, the recommended ruling with respect to retrospective injunctive relief is moot. Plaintiff also clarifies that, with respect to monetary damages, he is only seeking punitive damages and asserts that such relief is not barred by the Eleventh Amendment. The court disagrees. Punitive damages are not monetary damages that are "ancillary" to prospective injunctive relief. Edelman v. Jordan, 415 U.S. 651, 667-668 (1974); *see also* Biggs v. Meadows, 66 F. 3d 56, 61 (4th Cir. 1995) ("Another indication that suit has been brought against a state actor personally may be a plaintiff's request for compensatory or punitive damages, since such relief is unavailable in official capacity suits.") (citations omitted). The Report and Recommendation will be stricken as moot as to the recommended ruling with respect to retrospective injunctive relief and adopted as to the recommended ruling with respect to monetary damages.

As to the other recommended rulings to which plaintiff has specifically objected, the court concurs with the analysis of the magistrate judge and need not repeat it here. The Report and Recommendation's remaining recommendations will be adopted for substantially the reasons stated by Judge Stephens.

Accordingly, the Report and Recommendation [Doc. #29] is **STRICKEN in part as moot** and **ADOPTED in part**. Defendants' motion to dismiss [Doc. #22] is **GRANTED** and the complaint is **DISMISSED WITHOUT PREJUDICE**. Specifically, all claims brought against defendants under 42 U.S.C. § 1983 and RLUIPA in their official capacities and seeking monetary damages are dismissed without prejudice based on the Eleventh Amendment. All remaining claims brought against defendants under 42 U.S.C. § 1983 and RLUIPA are dismissed without prejudice under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The court declines to exercise supplemental jurisdiction over the state-law claims asserted under the Oklahoma Religious Freedom Act and those claims are dismissed without prejudice pursuant to 28 U.S.C. 1367(c)(3).

**IT IS SO ORDERED**.

Dated this 30th day of September, 2026.

JOE HEATON
UNITED STATES DISTRICT JUDGE